# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWIN N. HARRIS, | ) | Docket No. 2:19-cr-00202-NT |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

The Defendant Edwin N. Harris moves to dismiss two counts of the three-count Indictment for Social Security benefits fraud because those counts fail to state an offense. In this case, the Defendant is accused of failing to report earnings from converting scrap metal for purposes of his Supplemental Security Income ("**SSI**") benefits determination. The Defendant challenges Counts One and Three based on a regulatory distinction between the concepts of "income" and "resources." For the reasons stated below, I deny the Defendant's motion to dismiss.

## I.  Background

The Indictment alleges that the Defendant was receiving SSI benefits from 2012 through 2016. Eligibility for SSI is dependent on whether an individual is aged, blind, or disabled and whether that individual has a limited amount of "income" and "resources." 42 U.S.C. § 1381a. The SSI program is based on need and is not available to anyone whose financial resources, excluding certain property, exceed a designated dollar amount. 20 C.F.R. § 416.1205.

The Indictment in this case charges three counts of Social Security benefits fraud. The Defendant moves to dismiss the count alleging concealment of income between January 1, 2012 and June 30, 2016 (Count I) and the count alleging false statements of income on March 23, 2016 (Count III). Specifically, Count One alleges that between January 1, 2012 and June 30, 2016, the Defendant concealed income from selling scrap metal and those earnings made him ineligible to receive SSI benefits. 42 U.S.C. § 301 et seq. Count Three of the Indictment alleges that on March 23, 2016, the Defendant falsely denied receiving income from selling scrap metal.

## II. Failure to State an Offense

### A. Legal Standard

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant must "raise[ ] by pretrial motion" any "defect in the indictment or information, including . . . failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). When considering a Rule 12(b)(3) motion, the question for the court is not whether the government has presented enough evidence to support the charge, but merely whether the indictment alleges the required elements of the charged offense. *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014). On a pretrial motion to dismiss, the facts alleged by the government in the indictment must be taken as true. *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n. 16 (1952); *United States v. Barker Steel Co.*, 985 F.2d 1123, 1126 (1st Cir. 1993). It is not proper to weigh the sufficiency of the evidence underlying the indictment. *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018)("[C]ourts must not inquire into the sufficiency of the evidence underlying the indictment—for when 'a defendant seeks dismissal of the indictment, the question is

2

not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.' "); *see also United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011) (noting that courts "routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations"). This is because an indictment is not meant to serve an evidentiary function, but rather, to acquaint the defendant with the specific crime with which he is charged, allow him to prepare his defense, and protect him from double jeopardy in any future prosecution. *Id.* at 3.

**B.   Analysis**

Applying these modest standards, the Indictment in this case passes muster.[1] Unlike most cases involving a motion to dismiss for failure to state an offense, the

---

[1]   In this case the government sufficiently alleges the elements of the challenged offenses. Count One charges a violation of 42 U.S.C. § 1383a(a)(3). The elements of that statute are that the defendant:

   (1) had knowledge of an event affecting his initial or continued right to any benefit payment under Title XVI of the Social Security Act;

   (2) concealed or failed to disclose that event to the Social Security Administration; and

   (3) did so with the intent to fraudulently secure benefit payments in a greater amount or quantity than was due or when no such benefit was authorized.

42 U.S.C. § 1383a(a)(3)(A). Count One of the Indictment charges all these elements. Specifically, it alleges that the Defendant, (1) having knowledge of events affecting his initial and continued right to receive payment of Social Security Supplemental Security Income ("SSI") payments, (2) concealed and failed to disclose those events, (3) with the intent to fraudulently secure payment in a greater amount than was due or when no payment was authorized.

   Count Three charges a violation of 42 U.S.C. § 1383a(a)(2). The elements of that statute are that the defendant:

   (1) knowingly and willfully made or caused to be made;

   (2) a false statement or representation of a material fact; and

3

Defendant does not argue that the Government has failed to allege the statutory elements. Rather, the Defendant, asserts that whether the Government has stated a cognizable offense is dependent on "whether the remuneration he allegedly received in exchange for scrap metal constituted 'income'," rather than a "resource" as defined in the Code of Federal Regulations ("**CFR**"). Def.'s Mot. to Dismiss 1 (ECF No. 14). Based on those definitions, the Defendant contends that the scrap metal was a "resource" and, as such, it is excluded from the definition of "income."[2]

The terms "resource" or "income" are not used in either of the statutory sections the Defendant is charged with violating. SSI fraud by concealment is committed when a beneficiary "conceals or fails to disclose" the "occurrence of any event affecting . . . his . . . continued right to any such benefit." 42 U.S.C. § 1383a(a)(3). The statutory provision on concealment is directed at an "event" that would impact a benefit determination, rather than "income" or "resource." SSI fraud by false statement is committed when a beneficiary "makes or causes to be made any false statement" . . . "for use in determining rights to any such benefit." 42 U.S.C. § 1383a(a)(2). Similarly,

---

(3) did so for use in determining rights to any Social Security benefit.

42 U.S.C. § 1383a(a)(2). Count Three of the Indictment recites all the essential elements. Specifically, it alleges that the Defendant (1) knowingly and willfully made (2) materially false statements and representations of fact (3) for use by the Social Security Administration in determining his rights to SSI payments.

[2]     The Defendant relies on the meanings of "income" and "resource" found in the Code of Federal Regulations ("**CFR**") governing the SSI program. "Income" is defined as "anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. § 416.1102. This definition is narrowed, the Defendant asserts, in the section of the regulations entitled, "What is not income?" 20 C.F.R. § 416.1103. Relevant to the Defendant's analysis, the regulations state that "[r]eceipts from the sale, exchange, or replacement of a resource are not income but are resources that have changed their form." *Id*. The regulations define a "resource" as "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201.

that statutory violation is directed at a "false statement" that would impact a benefit determination, rather than "income" or "resource."

On a motion to dismiss, when determining whether a cognizable offense has been charged, I do not consider whether the government can prove its case, only whether accepting the facts as alleged in the indictment as true, a crime has been alleged. *Stewart*, 744 F.3d at 21 ("At the indictment stage, the government need not 'show,' but merely must allege, the required elements [of the offenses charged]."). The Defendant's argument, that the money from the sale of his scrap metal resource was not income, is fact-based and the foundational facts are not alleged in the indictment. In ruling on a motion to dismiss, I cannot rely on facts or evidence not alleged in the indictment to decide whether the government can prove its case, or whether the Defendant has a meritorious fact-based defense. Although the CFR's distinction between income and resource may be relevant at trial, I find that the argument raised by the Defendant is best left for the jury to determine.

## CONCLUSION

For the reasons stated above, I **DENY** the Defendant's Motion to Dismiss.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 2nd day of March, 2020.